The Honorable Mike Wilson Representative, District 70 Post Office Box 5269 Jacksonville, AR 72076
Dear Representative Wilson:
This is in response to your letter wherein you requested an opinion as to the following question. Does the exemption in the law which provides for licensing professional counselors pertaining to clergymen only apply in cases where counseling is performed to members of their church or parish, on church premises, and without charge? Ark. Stat. Ann. 71-5215 states in pertinent part ". . . Nothing in this section shall be construed to limit the professional pursuits of . . . clergymen, . . . listed Christian Science practitioners, . . . provided that such persons hold a valid license, certificate, or registration . . . and (are) operating within the scope of their professional duties; provided that the title `licensed professional counselor' or `licensed associate counselor' is not used . . ."
The licensing statute does not contain any language which would appear to restrict the scope of the practice of counseling by a clergyman to members of his or her church, on church premises, and without charge. Statutes which are penal in nature are strictly construed. It therefore would not appear that the informal opinion of the Board of Examiners would be tenable, pursuant to the wording of the statute itself. Other constitutional issues are therefore not addressed here.
Of course, the clergyman would have to hold a valid license, certificate or registration, and be limited to the scope of counseling within the professional limitations generally attendant to clergymen.
The foregoing opinion, which I hereby approve, was prepared by Special Assistant Attorney General George A. Harper.